


U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

Rod J. Rosenstein
United States Attorney

Joshua L. Kaul
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

*DIRECT: 410-209-4815*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*

July 11, 2011

Steven Levin, Esq.
The Levin Law Firm, LLC
250 West Pratt Street, Suite 1300
Baltimore, MD 21201

    Re:    United States v. James Thomas Bridgeforth III,
            Criminal No. WDQ-11-102

Dear Mr. Levin:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by July 15, 2011, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.    The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, which charges him with conspiring to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846.[1] The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

---

[1] Count One also charges the Defendant with conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine, but the Defendant is not pleading guilty to that portion of Count One.

A.  That two or more persons agreed to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance;

B.  That the Defendant was a party to, or member of, that agreement;

C.  That the Defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with intent to distribute heroin and intending to join together with at least one other alleged conspirator to achieve those objectives; and

D.  That the conspiracy occurred in the District of Maryland.

## Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is a term of life imprisonment, a fine of four-million dollars, and a term of supervised release. There is a mandatory minimum sentence of 10 years' imprisonment and five years of supervised release. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[2] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked – even on the last day of the term – and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of

---

[2]Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

### Statement of Facts

In 2010, the Defendant orchestrated the delivery to Baltimore of several packages from India and the Philippines that contained heroin. The Defendant "ordered" these packages by contacting one or more individuals with Ghanaian telephones numbers. Individuals in India and the Phillippines subsequently sent the narcotics packages to properties in Baltimore that, in most cases, were either vacant or owned or controlled by the Defendant or his co-conspirators. These packages were frequently, though not always, addressed to fictitious recipients. The Defendant and/or his co-conspirators paid for the narcotics by providing cash to an intermediary for the Defendant's source(s) of supply, depositing money into one or more bank account(s) that belonged to one or more other co-conspirators, and/or sending money via Western Union or Moneygram, in some cases under false names, to individuals in India, Ghana, Peru, and elsewhere.

The narcotics packages that the Defendant conspired to have delivered to himself or his co-conspirators include, among others, (1) a package sent from New Delhi, India, to Dana Smith at 2229 Brookfield Avenue, Baltimore, Maryland, that contained approximately 489 grams of heroin concealed within strips of cardboard and was received on July 22, 2010, by James Henson; (2) a package sent from India to Lawrence Connolly at 700 Appleton Street, Baltimore, Maryland, that contained approximately 376 grams of heroin and of which law enforcement attempted to make a controlled delivery on October 22, 2010; (3) a package sent from the Phillippines to 2607 Orleans Street, Baltimore, Maryland, that Kevin Parker picked up from the DHL facility at BWI Airport on November 30, 2010; (4) a package sent from the Phillippines to Appleton Street in Baltimore that contained 1.221 kilograms of heroin and that Parker and the Defendant attempted on December 20, 2010, to pick up or to have delivered to 705 Appleton Street; and (5) a package from the Phillippines to 703 Appleton Street, Baltimore,

Maryland, that contained approximately 637 grams of heroin.

The Defendant and/or his co-conspirators intended to distribute the narcotics contained in these packages, and in fact distributed the narcotics contained in the packages they successfully received. Indeed, on September 29, 2010, the Defendant was arrested by Baltimore City detectives and DEA agents after a stop of his car resulted in the seizure from his person of approximately 14 grams of heroin, seven 22-gram bars of mannitol, and two one-ounce containers of quinine. The Defendant used mannitol and quinine, and intended to use the mannitol and quinine seized from him, to "cut" heroin for street sale. Similarly, a picture contained in and taken on November 9, 2010, by one of Parker's phones shows a quantity of heroin and gelatin capsules, which Parker was using to package heroin for street-level distribution.

## Advisory Guidelines Stipulation

The parties stipulate and agree that pursuant to U.S.S.G. §2D1.1(c)(4), the Defendant's base offense level for the quantity of heroin at issue is 32. This offense level is increased by 3 levels pursuant to U.S.S.G. §3B1.1(b), because the Defendant was a manager or supervisor in a conspiracy involving five or more participants.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be

raised or are in dispute.

## Obligations of the United States Attorney's Office

9.  At the time of sentencing, this Office will recommend a sentence at the bottom of the applicable advisory guidelines range and move to dismiss any open counts against the Defendant.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a)   The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

   b)   The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds 151 months; and (ii) this Office reserves the right to appeal any term of imprisonment to the extent that it is less than 121 months.

   c)   Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d)   The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

12.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

13.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

14.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in

writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

> Very truly yours,
>
> Rod J. Rosenstein
> United States Attorney
>
> By: _____
> Joshua L. Kaul
> Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

July 15, 2011
Date

_____
James Thomas Bridgeforth III

I am James Thomas Bridgeforth III's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

15 July 2011
Date

_____
Steven Levin, Esq.